IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARDO QUINTOS JIMENEZ,

Petitioner,

v.

WARDEN MOSHANNON VALLEY ICE PROCESSING CENTER, ET AL.,

Respondents

3:26cv01093

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PETITIONER BERNARDO QUINTOS JIMENEZ'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Bernardo Quintos Jimenez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. Background

In Petitioner's habeas petition, Petitioner claims that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution ("the Fifth Amendment's Due Process Clause"), the Immigration and Naturalization Act ("INA"), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). (*Id.* at 24-31).

By way of relief:

Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;
2. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;
3. Declare that the Petitioner's detention violates the INA;
4. Declare that the Petitioner's detention violates the APA;

> 5. Issue a Writ of Habeas Corpus ordering Petitioner immediately released, or in the alternative, ordering Respondents to conduct a constitutionally sufficient bond hearing within seven (7) days, with the following safeguards in place:
>
> a. Declare that Respondents bear the burden to show flight risk or danger to society; and
>
> b. Order Respondents to give a status report to this Court within three (3) days showing compliance with this Court's Opinion.
>
> 6. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and
>
> 7. Grant any further relief this Court deems just and proper.

(*Id.* at 31).

On June 16, 2026, Respondents filed their response in opposition to Petitioner's habeas petition:

> Petitioner is and has been detained pursuant to 8 U.S.C. § 1225 and has received an individualized bond hearing. See Ex. 1, I-213; Ex. 2, NTA; Ex. 3, Bond Decision. Petitioner has failed to exhaust his administrative remedies. He has skipped the administrative process by not appealing the bond decision determining he was a danger. Rather, he asks this Court to release him on bond, which completely ignores the whole immigration bond process.
>
> Alternatively, if this Court ignores Petitioner's failure to exhaust his administrative remedies, his Habeas Petition should still be denied as Petitioner is being lawfully detained under 8 U.S.C. §1225 and has already received a constitutionally adequate bond hearing.

(Doc. 5 at 1-2).

On June 22, 2026, Petitioner filed his reply to Respondents' response, addressing each of Respondents' arguments. (Doc. 6).

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II. Discussion and Findings

The documents of record support that Petitioner: (1) is a native and citizen of Mexico; (2) illegally entered the United States at an unknown time; (3) was detained by ICE on

December 3, 2025; (4) requested, and had, an initial bond hearing in mid-December, 2025; (5) was denied bond on December 21, 2025, because the Immigration Judge ("IJ") found that Petitioner was a danger to the community and flight risk; (6) was transferred from ICE custody to state custody due to then-pending criminal charges on or about January 8, 2026; (7) had his immigration proceedings administratively closed on March 9, 2026, by the joint request of the parties, as Petitioner was detained in a state facility and unable to appear for immigration proceeding; (8) was returned to ICE custody sometime in May 2026, when his state court charges were withdrawn; and (9) has been detained at Moshannon Valley Processing Center since he was returned to ICE custody in May of 2026.

In *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the United States Court of Appeals for the Third Circuit recently determined, with respect to two petitioners who, like Petitioner, had entered the United States without inspection and years later were detained in the interior of the United States by ICE pursuant to 8 U.S.C. § 1225 ("Section 1225(b)") and not provided with a bond hearing, that: (1) "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders; (2) the petitioners' "detentions were unlawful under that provision [Section 1225(b)(2)(A)] of the INA;" and (3) "Petitioner's (sic.) detention without bond hearings violates the Due Process Clause." *Buele Morocho*, 2026 WL 2546223, at *5, 7–8.

Consistent with the *Buele Morocho* decision, *supra*., the Court finds that Petitioner's current detention is governed by Section 1226(a), his detention under Section 1225(b) violates the INA, and Respondents' detention of Petitioner without a bond hearing violates Petitioner's rights under the Fifth Amendment's Due Process Clause.

Typically, once this Court concludes that a non-citizen's detention is governed by Section 1226(a) and not Section 1225(b), or violates the Fifth Amendment's Due Process Clause, it further orders a bond hearing be held before an IJ as required by Section 1226. Here, however, it is undisputed that: (1) on December 3, 2025, Petitioner had a bond hearing before an IJ; (2) Petitioner's bond request was denied on December 31, 2025; (3) Petitioner did not appeal the denial of bond decision; and (4) 8 C.F.R. § 1003.19(e) provides: "After an initial bond redetermination, an alien's request for a subsequent bond hearing shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." *Id.*

Thus, the issue is what process, if any, is Petitioner entitled to at this time under the unique facts of this case.

As to Respondents' assertion that Petitioner's habeas petition should be denied because Petitioner has not exhausted his administrative remedies with respect to the IJ's denial of Petitioner's request for bond on December 31, 2025, the Court finds that because: (1) Petitioner did not remain in ICE custody throughout the entire time period during which he could have appealed the IJ's detention decision (the latest date Petitioner could have appealed the December 31, 2025 IJ decision was January 30, 2026, and Petitioner was transferred out of ICE's custody on January 8, 2026); and (2) Petitioner's case was administratively closed from March 9, 2026, through May, 2026, Petitioner's habeas petition will not denied on the basis that Petitioner failed to exhaust his administrative remedies with respect to the IJ's December 31, 2026 denial of Petitioner's bond request prior to bringing the instant habeas petition.

Rather, the Court finds that under the unique facts of this case, Petitioner is entitled to a *de novo* bond hearing at this time.

Accordingly, the Court GRANTS Petitioner’s habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner’s habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) immediately releasing Petitioner from ICE custody; (2) requiring at the ordered bond hearing that the Government bear the burden of proving by clear and convincing evidence that continued detention of Petitioner is necessary due to flight risk or danger to the community; and (3) ordering attorney fees and costs be paid to Petitioner under the Equal Access to Justice Act (“EAJA”).

More specifically, where, as here, Petitioner has been detained for less than six (6) months, the Court finds that providing Petitioner with an individualized bond hearing before an IJ which comports with due process, as the Court has ordered, is the proper remedy for Respondents’ INA and Fifth Amendment violations, as opposed to immediate release. *See Foula*

*Bah v. Oddo et al.*, Civ. No. 3:26-1393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026) (Horan, J.) (determining: "First, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing.") (footnote omitted); *Pico Bano v. Mullen et al.*, Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo*, Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Nor, under the facts of this case, where Petitioner has been detained in ICE custody for less than six (6) months will the Court order a bond hearing in which the burden of proof shifts

to the Government to establish, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. *See Abai Makeshov. v. Oddo et al.*, Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that

Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot*, 906 F.3d at 279).

Finally, as this petition has been fully briefed since the end of June, 2026, and the Court of Appeals for the Third Circuit just recently decided that a non-citizen detainee similarly situated to Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b), Respondents' position was substantially justified in this case, and thus, no costs or attorney fees shall be awarded pursuant to the EAJA.

SO ORDERED this 31st day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record